**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JAMES T. CHAO, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| V. § | CASE NO. 4:15cv169 |
| § | Chief Judge Clark/Judge Craven |
| DARS OF TEXAS, ET AL., § | |
| § | |
| *Defendants.* § | |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 24, 2015, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that DARS Defendants' Motion to Dismiss (Doc. # 22) be granted; that Plaintiff's claims against DARS and three individuals employed with DARS (Cheryl Fuller, Emily Davis, and Ronald L. Johnson) in their official capacities be dismissed without prejudice; and that Plaintiff's claims against Cheryl Fuller, Emily Davis, and Ronald L. Johnson in their individual capacities be dismissed with prejudice.

On September 23, 2015, the Magistrate Judge granted the *pro se* Plaintiff's motion to extend time to file written objections to the Report and Recommendation. The Magistrate Judge ordered Plaintiff to file objections to the August 24 Report and Recommendation on or before October 5, 2015.[1] The Magistrate Judge advised Plaintiff that failure to file objections on or before October

---

[1] The September 23 Order was mailed to Plaintiff via certified mail that same day.

1

5 would bar Plaintiff from *de novo* review by the Court.

Two days after the deadline for filing objections, Plaintiff filed objections to the Report and Recommendation, asserting no due process hearing was ever held and he suffered material loss of property rights.[2] Because the objections were received after October 5, Plaintiff is barred from *de novo* review by the Court. However, even if the Court were to consider the objections as timely filed, the Court would find the objections without merit, as the objections do not address the reasons for dismissing the case outlined in the Magistrate Judge's Report and Recommendation.[3]

Plaintiff's objections can be summarized as follows: (1) a due process hearing was never legally held; (2) a due process hearing report was never legally provided; (3) a court case for judicial review was never completed; (4) Plaintiff suffered material loss of property rights and "others;" and (5) DARS provided no evidence to support its position. None of these objections address the Magistrate Judge's Findings that DARS is entitled to Eleventh Amendment immunity, that Fuller, Johnson, and Davis are entitled to Eleventh Amendment immunity for claims against them in their

---

[2] Defendants timely responded to Plaintiff's objections, arguing that the court should overrule the objections because (1) the objections were untimely filed, and (2) none of Plaintiff's objections responded to any of the rulings made by the Magistrate Judge in her Report and Recommendation.

[3] The Magistrate Judge recommended dismissing Plaintiff's claims against DARS because DARS, as a state agency, is entitled to Eleventh Amendment immunity, which has not been waived. Likewise, the Magistrate Judge recommended dismissing Plaintiff's claims against Fuller, Johnson, and Davis in their official capacities because they too, were entitled to immunity under the Eleventh Amendment. The Magistrate Judge also found that Fuller, Johnson, and Davis were entitled to qualified immunity regarding Plaintiff's claims against them in their individual capacity because Plaintiff failed to allege any facts indicating that Fuller, Davis, and Johnson had violated a clearly established right or that their actions were objectively unreasonable.

official capacity,[4] or that Fuller, Johnson, and Davis are entitled to qualified immunity for claims against them in their individual capacity.

Having received the Report and Recommendation of the United States Magistrate Judge, and no objections thereto having been timely filed, this Court is of the opinion the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. It is therefore

**ORDERED** Plaintiff's claims against the Department of Assistive and Rehabilitative Services of Texas ("DARS") and Cheryl Fuller, Emily Davis, and Ronald L. Johnson in their official capacities are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** Plaintiff's claims against Cheryl Fuller, Emily Davis, and Ronald L. Johnson in their individual capacities are **DISMISSED WITH PREJUDICE**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

So **ORDERED** and **SIGNED** this **26** day of **October, 2015.**

_____
Ron Clark, United States District Judge

---

[4]"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).